UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 MAY 21 PM 12: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

MAY 21 2004

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. CV-03-S-1670-NE |
| FRAN RUSSELL, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to strike defendant's answer, and for entry of final default judgment against defendant Fran Russell.[1] Defendant, proceeding *pro se*, filed an answer to plaintiff's complaint on May 19, 2003,[2] but she has failed to participate any further in the defense of this action. Specifically, plaintiff did not participate in the parties' required Rule 26 scheduling conference; she did not respond to plaintiff's discovery requests; she has not complied with any of the deadlines set forth in this court's Scheduling Order; she did not participate in the in the drafting of the Pretrial Order; and she did not comply with any of the deadlines imposed in the Pretrial Order, including those pertaining to the submission of witness and exhibit lists, and statements of agreed and disputed facts.[3]

---

[1] Doc. no. 18.

[2] Doc. no. 3 (answer).

[3] *See* doc. no. 18 (motion to strike answer and for default judgment), at 2; *see also id.*, Exhibit



Plaintiff's counsel has made repeated attempts to contact defendant, but has been unsuccessful, because defendant's phone number has been changed to an unlisted number.[4]

Federal Rule of Civil Procedure 16(f) provides that a court may enter sanctions for a party's failure to obey a scheduling or pretrial order. *See* Fed. R. Civ. P. 16(f). Appropriate sanctions include the entry of "[a]n order striking out pleadings or parts thereof, . . . or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C).[5]

> In lieu of *or in addition to* any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, *including attorney's fees*, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis supplied).

The court concludes that striking defendant's answer and entering a default judgment are warranted under the circumstances presented here. A lesser sanction would not serve the ends of justice, and would only result in further delay. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (stating that a

---

B (Affidavit of Suzanne Alldredge Fleming), at ¶¶ 4-8.

[4]Fleming Affidavit (Exhibit B. to doc. no. 18), at ¶ 7.

[5]Federal Rule of Civil Procedure 16(f) states that appropriate sanctions include entry of "the orders provided in Rule 37(b)(2)(B), (C), (D)."

district court should not enter default judgment as a sanction for failure to comply with court orders unless no lesser sanction would be effective). Defendant has repeatedly failed to respond to discovery requests and court orders, and to communicate with plaintiff or the court about the case. Due to defendant's *complete* failure to participate in litigation, the court concludes that striking defendant's answer and entering default judgment are necessary to advance the disposition of this action.

Plaintiff requests that default judgment be entered in the amount of $20,000.00 in statutory damages, and $3,054.85 in costs and attorney's fees, for a total amount of $23,054.85.[6] Plaintiff asserts it is entitled to this sum because of defendant's two alleged violations of 18 U.S.C. § 2511(1)(a), which extends liability to any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Plaintiff's entitlement to civil damages for a § 2511(1)(a) violation is governed by 18 U.S.C. § 2520(c)(2), which provides that

> the court may assess as damages whichever is the greater of (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

Count Two of plaintiff's complaint, alleging a violation of § 2511, states that

---

[6]Doc. no. 18 (motion to strike answer and for default judgment), at 1.

>By using pirate access devices to decrypt and view DIRECTV's satellite transmissions of television programming, defendant[] intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1).[7]

Plaintiff also asserts that "[d]efendant[] knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited."[8]

Plaintiff's allegations are insufficient to support the entry of a default judgment *based on liability* in the amount of $23,054.85. The § 2511(1)(a) claim in plaintiff's complaint amounts to little more than conclusory legal allegations. Plaintiff has offered *no* evidence that defendant committed the violations alleged in the complaint. Plaintiff only submits an affidavit from its attorney, Suzanne Alldredge Fleming, stating that Fleming read the complaint and knows its contents, detailing defendant's failure to cooperate in discovery and other matters, and setting forth all costs and attorney's fees incurred. This affidavit does not provide an adequate factual basis to support a finding of liability against defendant.

Because plaintiff has failed to present an adequate basis to support a finding of

---

[7] Doc. no. 1 (complaint), at ¶ 35. Plaintiff's complaint originally encompassed claims against eight defendants, including Russell. Those claims were severed, and plaintiff's claim against Russell was assigned to the undersigned.

[8] *Id.* at ¶ 37.

defendant's liability, it is not entitled to a default judgment for statutory damages. However, plaintiff *is* entitled to a default judgment in an appropriate amount to sanction defendant for her failure to obey this court's Scheduling and Pretrial Orders. The court concludes that a $1,000.00 sanction, in addition to the $3,054.85 in costs and attorney's fees incurred by plaintiff, is appropriate. *See* Fed. R. Civ. P. 16(f) (providing that costs and attorney's fees may be awarded *in addition to* other sanctions). Accordingly, defendant will be ordered to show cause why default judgment should not be entered in the amount of $4,054.85.

DONE this 21st day of May, 2004.

United States District Judge